UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BERNARDINE M. GALVEZ,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                                                18-CV-3890(PKC)(CLP)

      -against-

DONALD J. TRUMP,

                Defendant.
------------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Bernardine M. Galvez, proceeding *pro se*, brings this action against Defendant Donald J. Trump, in his official capacity as President of the United States. For the reasons discussed below, the complaint is dismissed *sua sponte* for lack of subject matter jurisdiction.

## BACKGROUND

      Plaintiff filed the instant complaint on July 6, 2018, ahead of Defendant's announcement of a nominee to replace retiring United States Supreme Court Justice Anthony M. Kennedy. (Dkt. 1.) Plaintiff asks this court to: (1) issue a temporary or preliminary injunction to stop Defendant from nominating a Supreme Court nominee until he obtains consent from the Senate or after the mid-term elections that will be held in November 2018; and (2) determine whether Defendant has the power to appoint a Supreme Court Justice "when he is the subject of a criminal investigation" and "when he is involved in Federal Litigation regarding the violations of the 'Foreign Emoluments Clause'." (*Id.* at ¶¶ IV(a)-(c).)

## DISCUSSION

      Before turning to the merits of the instant action, the Court is "required to assure [itself] of jurisdiction." *Am. Atheists, Inc. v. Port Auth. of N.Y. & N.J.*, 760 F.3d 227, 237 n.11 (2d Cir. 2014). "Standing to sue is a doctrine rooted in the traditional understanding of a case or

controversy," *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016), and "[w]hether a claimant has standing is the threshold question in every federal case, determining the power of the court to entertain the suit," *Fair Hous. in Huntington Comm. Inc. v. Town of Huntington*, 316 F.3d 357, 361 (2d Cir. 2003). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

Constitutional standing requires "(1) that the plaintiff have suffered an 'injury in fact'— that is, 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical'; (2) that there is 'a casual connection between the injury and the conduct' of which the plaintiff complains; and (3) that it is 'likely . . . that the injury will be redressed by a favorable decision.'" *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.,* 821 F.3d 352, 358 (2d Cir. 2016) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)).

Plaintiff has failed to allege an injury in fact and, therefore, her complaint must be dismissed for lack of jurisdiction. *See Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 557 (S.D.N.Y. 2018). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). The plaintiff "must have a personal stake in the outcome" and must assert "something more than generalized grievances." *United States v. Richardson*, 418 U.S. 166, 179–80 (1974) (internal quotation marks omitted). An "impact on [her] [that] is plainly undifferentiated and common to all members of the public" is insufficient, *id*. at 176 (internal quotation marks omitted), as is a mere "special interest" in a given problem without more, *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972). Even liberally construed, Plaintiff's complaint is devoid of any

allegations of injury, either generalized or particularized. Therefore, Plaintiff's complaint is dismissed.

## LEAVE TO AMEND

In light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, Plaintiff is granted thirty (30) days' leave from the date of this Order to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order.

## CONCLUSION

For the reasons stated herein, the complaint is dismissed *sua sponte* for lack of subject matter jurisdiction. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. If Plaintiff does not file an amended complaint within thirty (30) days, judgment dismissing the case shall enter. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
     August 3, 2018